UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERESFORD HALL,

                            Plaintiff,

            v.

CO R. BEVIER,
CO R. AYERS,
SGT. K. GAUDNER,
D.F. NAPOLI, Dep. Supt. of Security, and
SUPERINTENDENT T. POOLE,

                            Defendants.

**DECISION
and
ORDER**

**06-CV-00505F
(consent)**

---

APPEARANCES:        BERESFORD HALL, *Pro Se*
                               04-A-0075
                               Great Meadow Correctional Facility
                               Box 51
                               Comstock, New York 12821-0051

                               ANDREW M. CUOMO
                               Attorney General, State of New York
                               MICHAEL A. SIRAGUSA
                               Assistant Attorney General, of Counsel
                               Main Place Tower
                               Suite 300A
                               350 Main Street
                               Buffalo, New York 14202

## **JURISDICTION**

On April 30, 2007, the parties to this action consented to proceed before the undersigned. The matter is presently before the court on Defendants' motion for partial summary judgment (Doc. No. 26), filed June 27, 2008.

# BACKGROUND and FACTS[1]

Plaintiff Beresford Hall ("Hall" or "Plaintiff"), proceeding *pro se*, commenced this civil rights action on July 27, 2006, alleging Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments in connection with a use of force on June 19, 2005, at Five Points Correctional Facility in Romulus, New York ("Five Points" or "the correctional facility"), where Plaintiff was then incarcerated. Defendants to this action, all employees of New York State Department of Corrections ("DOCS"), include DOCS Correctional Officers ("C.O.") Russell Ayers ("Ayers"), and Robert Bevier ("Bevier"), DOCS Sergeant Keith Gardner ("Gardner"), Five Points Deputy Superintendent David Napoli ("Napoli"), and Five Points Superintendent Thomas Poole ("Poole").

In particular, Plaintiff alleges that on June 19, 2005, Defendants Ayers and Bevier approached Plaintiff's cell and advised they would conduct a search of Plaintiff's cell. Plaintiff maintains Bevier used excessive force in removing Plaintiff from his cell and assaulted Plaintiff, while handcuffed, without any provocation, and that Defendant Ayers, who witnessed the excessive force and assault, failed to intervene on Plaintiff's behalf. Plaintiff, who is African-America, alleges his race was the motivating factor for the assault, asserting that there exists within DOCS facilities a pattern of frequently assaulting black inmates, but not white inmates. Plaintiff further alleges that following the assault, Defendants Gardener, Napoli and Poole conspired to conceal the assault by filing a false misbehavior report ("the misbehavior report"), and by falsifying statements concerning the severity of the injuries Plaintiff sustained as a result of such

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

use of force. Plaintiff's claims of excessive force, assault and failure to intervene allege violations of the Eighth Amendment against Ayers and Bevier, while Plaintiff's claims of a false misbehavior report and other false statements allege violations of Fourteenth Amendment due process, and Plaintiff's conspiracy claim alleges a violation of 42 U.S.C. § 1985(3).[2] Defendants' answer (Doc. No. 9), was filed April 4, 2007.

On June 27, 2008, Defendants filed the instant motion (Doc. No. 26) ("Defendants' motion") seeking partial summary judgment on Plaintiff's claims of conspiracy and due process based on the filing of the alleged false misbehavior report. Defendant's motion is supported by a Statement of Undisputed Facts in Support of Defendants' Motion for Partial Summary Judgment (Doc. No. 27) ("Defendants' Statement of Facts"), the Declarations of Robert Bevier (Doc. No. 28) ("Bevier Declaration"), Russell Ayers (Doc. No. 29) ("Ayers Declaration"), Keith Gardner (Doc. No. 30) ("Gardner Declaration"), David Napoli (Doc. No. 31) ("Napoli Declaration"), and Thomas Poole (Doc. No. 32) ("Poole Declaration"), and a Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment (Doc. No. 33) ("Defendants' Memorandum"). In opposition to Defendants' motion, Plaintiff filed on August 7, 2008, a Memorandum of Law in Support of Opposition to Defendant's [*sic*] Motion for Partial Summary Judgment (Doc. No. 36) ("Plaintiff's Response"), the Declaration of Plaintiff Beresford Hall in Support of a [*sic*] Opposition to Defendant's

---

[2] Although Plaintiff cites 18 U.S.C. §§ 241-42 as the source of his conspiracy claim, those statutes pertain to criminal civil rights violations. Nevertheless, as Plaintiff is proceeding *pro se*, the court, in accordance with the Supreme Court's instruction that pleadings of *pro se* litigants be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers), construes Plaintiff's civil rights conspiracy as asserted under 42 U.S.C. § 1985(3).

3

[*sic*] Motion for Partial Summary Judgment (Doc. No. 37) ("Plaintiff's Declaration")*,* attached to which are Plaintiff's exhibits A though J ("Plaintiff's Exh(s). __"), and a Statement of Material Facts in Dispute in Support of Opposition to Defendant's [*sic*] Motion for Partial Summary Judgment (Doc. No. 38) ("Plaintiff's Statement of Facts"). Defendants did reply in further support of Defendants' motion. Oral argument was deemed unnecessary.

Based on the following, Defendant's motion is GRANTED.

## **DISCUSSION**

**1.** **Summary Judgment**

Defendants seek summary judgment of Plaintiff's conspiracy and false misbehavior report claims. Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence

that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

Vague assertions supported only by self-serving statements in the nonmoving party's affidavit are insufficient to defeat a properly supported summary judgment motion. *Coniglio v. Highwood Services, Inc.*, 495 F.2d 1286, 1292 (2d Cir.), *cert. denied*, 419 U.S. 1022 (1974). "The non-moving party may not rely on conclusory assertions or unsubstantiated speculation [to defeat summary judgment]." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Rather, "the non-movant must produce <u>specific</u> <u>facts</u> indicating that a genuine factual issue exists." *Wright v. Coughlin*, 132 F.3d 133, 137 (2d Cir. 1998) (underlining added). The ultimate inquiry on a summary judgment motion is whether any reasonable jury could find the plaintiff's evidence meets the requisite burden of proof. *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 122-23 (2d Cir. 2004).

Defendants are alleged to have violated Plaintiff's civil rights under 42 U.S.C. § 1983, pursuant to which an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. Plaintiff's claim that Defendants conspired to participate in such constitutional harms based on Plaintiff's race is asserted pursuant to 42 U.S.C. § 1985(3).

Section 1983, however, "'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3

(1979)).  Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, 443 U.S. at 140).  In the instant case, the Complaint alleges Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments by subjecting Plaintiff to excessive force on June 19, 2005, by filing a false misbehavior report against Plaintiff charging Plaintiff with aggressive conduct which necessitated the use of force on June 19, 2005, and by falsifying statements in other reports to conceal the severity of Plaintiff's injuries sustained as a result of the use of force.

**2.     Conspiracy**

As stated, Plaintiff claims that his race was the motivating factor for the assault, asserting that there exists within DOCS facilities a pattern of frequently assaulting black inmates, but not white inmates.  Complaint, § A, First Claim.  Defendants argue in support of summary judgment that Plaintiff has failed to provide any evidence showing the requisite agreement for a conspiracy claim, and maintain that Plaintiff's conspiracy claim is nothing more than a vague and conclusory assertion, unsupported by any evidence.  Defendant's Memorandum at 2-5.  Plaintiff argues in opposition that sufficient circumstantial evidence precludes summary judgment on his civil rights conspiracy claim.  Plaintiff's Response ¶¶ 11-15.

It is unlawful to conspire to interfere with one's civil rights.  42 U.S.C. § 1985 ("§ 1985").  Although Plaintiff has not specified the subsection under which his civil rights conspiracy claim is asserted, fair reading of § 1985 establishes the claim must be based on § 1985(3) which proscribes a conspiracy to deprive a person of any rights or

privileges under the laws.³

The four elements of a § 1985(3) claim include

(a) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."

*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citing and quoting *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).

A conspiracy under § 1985 "need not be shown by an explicit agreement but can be established by showing that the 'parties have a tacit understanding to carry out the prohibited conduct.'" *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir. 1995) (quoting *United States v. Rubin*, 844 F.2d 878, 984 (2d Cir. 1988)). In particular,

Establishment of a § 1985(3) claim requires proof of a conspiracy between "two or more persons." A conspiracy, for these purposes, need not be shown by proof of an explicit agreement, but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct. . . . [A] claim under § 1985(3) may be established against a state if it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State.

*LeBlanc -Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir. 1995) (quoting § 1985(3)) (additional internal quotations omitted).

Complaints containing only conclusory, vague or general allegations that the defendants have conspired to deprive a plaintiff of his civil rights, however, are insufficient. *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (citing *Sommer v. Dixon*, 709 F.2d

---

³ In contrast, 42 U.S.C. § 1985(1) renders it unlawful to conspire to prevent an officer from performing duties, whereas 42 U.S.C. § 1985(2) renders it unlawful to conspire to obstruct justice, or to intimidate a party, juror or witness.

173, 175 (2d Cir. 1981)). In the instant case, Plaintiff fails to point to any evidence establishing the existence of the requisite conspiracy,

Although Plaintiff cites *Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999), in support of his argument that a civil rights conspiracy may be established by circumstantial evidence, at issue in *Pangburn* was whether to permit the plaintiff to amend his complaint to assert a civil rights conspiracy. *Pangburn*, 200 F.3d at 70, 72 (holding a *pro se* complaint should not be dismissed without granting leave to amend at least once when a liberal reading "gives *any* indication that a valid claim *might* be stated." (italics in original)). *See also Rounseveille v. Zahl*, 13 F.3d 625, 532 (2d Cir. 1994) (holding that, "[i]n the light of the circumstantial evidence, the [plaintiffs' civil rights conspiracy] claim at the time of filing was not so frivolous, unreasonable, or groundless as to justify an award of defendants' attorney's fees under § 1988" (bracketed material and alterations added)). To succeed on a motion for leave to amend a complaint, however, the plaintiff need establish only that the proposed amendment is not frivolous, unreasonable or groundless. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend the pleadings] when justice so requires." (bracketed material added)). In contrast, in opposing summary judgment, the nonmovant must, as to any issue on which the nonmovant bears the burden of proof, demonstrate the existence of some material issue of fact which, if construed in the nonmovant's favor, would establish the nonmovant's burden of proof. *Amnesty America*, 361 F.3d at 122-23. "[T]o maintain an action under Section 1985, a[n inmate] plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Webb v. Goord*, 340 F.3d 105, 110-11

(2d Cir. 2003) (quoting *Romer v. Morgenthau*, 119 F.Supp. 2d 346, 363 (S.D.N.Y. 2000) and citing *Warburton v. Underwood*, 2 F.Supp.2d 306, 319 (W.D.N.Y. 1998)).

Discovery in the instant case concluded on April 30, 2008, *see* July 18, 2007 Scheduling Order (Doc. No. 16), ¶ 2, and Plaintiff has not filed any motion to compel discovery. Plaintiff also has not submitted any evidence establishing that inmates of any particular race are submitted to assaults more often than inmates of any other race. Plaintiff has also failed to submit any evidence that could be construed as establishing that the misbehavior report written after the assault was false. Nor has Plaintiff even alleged how and when Defendants agreed to conspire against Plaintiff. Although Defendant Gardner reported in a Use of Force Memorandum, Plaintiff's Exh. E, that Plaintiff sustained only minor injuries in the assault, that the Medical Report portion of the Use of Force Report, Plaintiff's Exh. G, completed at 2:00 P.M., on June 19, 2005, less than an hour after the assault, describes Plaintiff as sustaining during the assault injuries to Plaintiff's right wrist, pinky finger and elbow, including numbness in Plaintiff's right pinky and minimal range of motion to Plaintiff's right wrist, undermines any possible finding by a reasonable jury that Defendants conspired to conceal the extent of Plaintiff's injuries. As such, Plaintiff has failed to meet his burden of proof to avoid summary judgment on his civil rights conspiracy claim.

Because Plaintiff has failed to meet his burden to avoid summary judgment on his civil rights conspiracy claim, summary judgment in favor of Defendants on such claim is GRANTED.

3. **False Misbehavior Report**

Defendants argue in support of summary judgment on Plaintiff's claim that Defendants filed a false misbehavior report against Plaintiff that the mere filing of a false misbehavior report does not constitute a Fourteenth Amendment due process violation so long as Plaintiff received a hearing on the charges contained in the misbehavior report. Defendants' Memorandum at 5-6. In opposition to summary judgment on this claim, Plaintiff asserts that a video tape of Defendant Bevier's alleged use of excessive force establishes that such use of force was unprovoked. Plaintiff's Response, ¶¶ 2, 4 and 12.

The filing of a false misbehavior report does not constitute "a *per se* constitutional violation actionable under § 1983" provided the inmate is afforded due process protection through a disciplinary hearing on the misbehavior report. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988). "The key inquiry in assessing an allegation that an inmate has been found guilty of false disciplinary charges is whether or not the prison has provided the inmate with the minimum procedural due process protections [to dispute a false or incorrect charge] guaranteed by the Fourteenth Amendment." *Franco v. Kelly*, 854 F.2d 584, 587 (2d Cir. 1988) (bracketed material added).

Moreover, a Fourteenth Amendment due process violation requires that as a result of the alleged due process violations, the inmate plaintiff suffered some deprivation or punishment posing an "atypical and significant hardship" in relation to the

ordinary conditions of his confinement. *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

In the instant case, Plaintiff fails to allege that he was denied procedural due process in connection with the alleged false misbehavior report. Nor does Plaintiff allege what, if any, deprivation or punishment he received as a result of being found guilty of the charges contained in the misbehavior report. In fact, it is not even clear from the record that Plaintiff was found guilty of such charges.

As such, Plaintiff has failed to establish any material issue of fact relevant to his due process claim concerning Defendants' filing of the alleged false misbehavior report. Accordingly, Defendants' motion is GRANTED on this claim.

### 4. Qualified Immunity

Because the court is granting summary judgment on the merits of Plaintiff's conspiracy and false misbehavior report due process claims, the court does not consider whether Defendants are qualifiedly immune from liability on such claims.

### **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 26) is GRANTED. The court will contact the parties to schedule trial on the remaining issues.

SO ORDERED.

/s/ *Leslie G. Foschio*

---

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  September 28, 2009
        Buffalo, New York